**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BRIGHTPLUS VENTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC. and<br>LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | ) | Civil Action No.: 2:22-cv-170-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS LG ELECTRONICS INC. AND**
**LG ELECTRONICS U.S.A., INC.'S ANSWER AND COUNTERCLAIMS**

Defendants LG Electronics Inc. ("LGEKR") and LG Electronics USA, Inc. ("LGEUS) (collectively, "LGE" or "Defendants") by and through their undersigned counsel of record and for their Answer to the Complaint for Patent Infringement filed on May 24, 2022 ("Complaint") by Plaintiff Brightplus Ventures LLC ("Brightplus" or "Plaintiff") herein state as follows:

**PARTIES**

1. LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies them.

2. LGE admits that LGEKR is a corporation organized and existing under the laws of the Republic of Korea with a place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul, Republic of Korea. LGE otherwise denies the allegations in Paragraph 2.

3. LGE admits that LGEUS is a wholly-owned subsidiary of LGEKR with a place of business at 111 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LGEUS also admits that it is registered to do business in the state of Texas and may be served with process at its registered agent for service of process at United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. LGE otherwise denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. LGE admits that the Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code. LGE denies that it infringes any of the Patents-in-Suit and therefore denies all other allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, LGE admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, for purposes of this action, LGEKR does not contest personal jurisdiction in this lawsuit. LGE otherwise denies the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, for purposes of this action, LGEUS does not contest personal jurisdiction in this lawsuit. LGE admits that LGEUS has registered with the Texas Secretary of State Office and may be served with process through a registered agent for service of process in the State of Texas. LGE otherwise denies the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, LGE admits that LGEKR is a foreign corporation. For purposes of this action, LGEKR does not contest venue in this lawsuit as to LGEKR.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, LGE denies the allegations in Paragraph 9.

## BACKGROUND

10. LGE admits that U.S. Patent No. 7,690,812 (the "'812 Patent") states, on its face, that it issued on April 6, 2010 and is titled "Apparatus And Methods For Conformable Diffuse Reflectors For Solid State Lighting Devices." LGE otherwise denies the allegations in Paragraph 10.

11. LGE admits that U.S. Patent No. 7,872,705 (the "'705 Patent") states, on its face, that it issued on January 18, 2011 and is titled "LED Backlight System For LCD Displays." LGE otherwise denies the allegations in Paragraph 11.

12. LGE admits that U.S. Patent No. 8,177,382 (the "'382 Patent") states, on its face, that it issued on May 15, 2012 and is titled "Apparatus And Methods For Multiplanar Optical Diffusers And Display Panels For Using The Same." LGE otherwise denies the allegations in Paragraph 12.

13. LGE admits that No. 8,294,075 (the "'075 Patent") states, on its face, that it issued on October 23, 2012 and is titled "Solid State Luminaires For General Illumination." LGE otherwise denies the allegations in Paragraph 13.

14. LGE admits that U.S. Patent No. 8,330,710 (the "'710 Patent") states, on its face, that it issued on December 11, 2012 and is titled "Systems And Methods For Controlling A Solid State Lighting Panel." LGE otherwise denies the allegations in Paragraph 14.

15. LGE admits that U.S. Patent No. 8,941,331 (the "'331 Patent") states, on its face, that it issued on January 27, 2015 and is titled "Solid State Lighting Panels With Variable Voltage Boost Current Sources." LGE otherwise denies the allegations in Paragraph 15.

16. LGE admits that U.S. Patent No. 9,605,835 (the "'835 Patent") states, on its face, that it issued on March 28, 2017 and is titled "Solid-State Luminaires For General Illumination." LGE otherwise denies the allegations in Paragraph 16.

17. LGE admits that U.S. Patent No. RE42,598 (the "'598 Patent") states, on its face, that it issued on August 9, 2011 and is titled "Light Emitting Diode Arrays For Direct Backlighting Of Liquid Crystal Displays." LGE otherwise denies the allegations in Paragraph 17.

18. LGE admits that U.S. Reissued Patent No. RE45,796 (the "'796 Patent") states, on its face, that it issued on November 10, 2015 and is titled "Light Emitting Diode Arrays For Direct Backlighting Of Liquid Crystal Displays." LGE otherwise denies the allegations in Paragraph.

19. LGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore denies them.

20. LGE admits that it received a letter dated May 6, 2022 from Brightplus . LGE otherwise denies the allegations in Paragraph 20.

21. Attachments A and B speak for themselves. LGE otherwise denies the allegations in Paragraph 21.

**COUNT I: INFRINGEMENT OF THE ’812 PATENT**

22. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

23. Denied.

24. Paragraph 24 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 24.

25. Denied.

26. Denied.

27. Paragraph 27 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 28.

29. Denied.

**COUNT II: INFRINGEMENT OF THE ’705 PATENT**

30. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

31. Denied.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, LGE admits that the LG 27UP600 monitor includes a liquid

crystal display (LCD) system with an LCD panel. LGE denies any remaining allegations in Paragraph 32.

33. Denied.

34. Paragraph 34 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 34.

35. Denied.

**COUNT III: INFRINGEMENT OF THE ’382 PATENT**

36. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

37. Denied.

38. Paragraph 38 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 38.

39. Denied.

40. Paragraph 40 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 40.

41. Denied.

**COUNT IV: INFRINGEMENT OF THE ’075 PATENT**

42. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

43. Denied.

44. Paragraph 44 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 44.

45. Denied.

46. Paragraph 46 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 46.

47. Denied.

**COUNT V: INFRINGEMENT OF THE ’710 PATENT**

48. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

49. Denied.

50. Paragraph 50 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 50.

51. Denied.

52. Paragraph 52 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 52.

53. Denied.

**COUNT VI: INFRINGEMENT OF THE ’331 PATENT**

54. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

55. Denied.

56. Paragraph 56 contains legal conclusions to which no response is required. LGE admits that the Accused Products include a lighting system. LGE denies any remaining allegations in Paragraph 56.

57. Denied.

58. Paragraph 58 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 58.

59. Denied.

## COUNT VII: INFRINGEMENT OF THE ’835 PATENT

60. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

61. Denied.

62. Paragraph 62 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 62.

63. Denied.

64. Paragraph 64 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 64.

65. Denied.

## COUNT VIII: INFRINGEMENT OF THE ’598 PATENT

66. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

67. Denied.

68. Paragraph 68 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 68.

69. Denied.

70. Paragraph 70 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 70.

71. Denied.

**COUNT IX: INFRINGEMENT OF THE ’796 PATENT**

72. LGE repeats and realleges its answers to all previous paragraphs of the Complaint.

73. Denied.

74. Paragraph 74 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 74.

75. Denied.

76. Paragraph 76 contains legal conclusions to which no response is required. LGE denies any remaining allegations in Paragraph 76.

77. Denied.

**PRAYER FOR RELIEF**

78. LGE denies that Plaintiff is entitled to any of the relief, legal or equitable, and specifically denies that Plaintiff is entitled to each item of relief in Paragraphs “A” through “I” of Plaintiff’s Prayer for Relief.

**GENERAL DENIAL**

Except as explicitly admitted herein, LGE denies each and every allegation contained in the Complaint.

**DEFENDANTS’ DEFENSES**

LGE alleges and asserts the following defenses in response to the allegations in Brightplus’ Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.

**FIRST DEFENSE**
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

79. Brightplus' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(Non-Infringement of the Patents-in-Suit)**

80. The manufacture, use, offer for sale, sale, or importation of the Accused Products has not, does not, and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 7,690,812; U.S. Patent No. 7,872,705; U.S. Patent No. 8,177,382; U.S. Patent No. 8,294,075; U.S. Patent No. 8,330,710; U.S. Patent No. 8,941,331; U.S. Patent No. 9,605,835; U.S. Reissued Patent No. RE42,598; and U.S. Reissued Patent No. RE45,796 (collectively "the Patents-in-Suit"), whether directly, indirectly, contributorily, and/or by inducement.

81. For example, and without limitation, the Accused Products do not have all limitations of the claims of each Patents-in-Suit for which infringement is alleged. Additionally, an invalid claim cannot be infringed and all of the claims of the Patents-in-Suit are invalid.

**THIRD DEFENSE**
**(Invalidity of the Patents-in-Suit)**

82. Each claim of each of the Patents-in-Suit is invalid for failure to satisfy one or more requisite statutory and decisional requirements and/or conditions for patentability specified in 35 U.S.C. §101 et seq., including without limitation §§ 101, 102, 103, 112, and/or 251 as well as double patenting and/or obviousness-type double patenting.

**FOURTH DEFENSE**
**(Prosecution History Estoppel)**

83. Brightplus' claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in each of the Patents-in-Suit before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

**FIFTH DEFENSE**
**(Limitation on Damages)**

84. Brightplus' claims for relief are statutorily limited in whole or part by Title 35 of the United States Code, including without limitation 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

85. For example, and without limitation, Brightplus' claims for damages are limited under 35 U.S.C. § 287(b)(2). Specifically, Brightplus is barred from recovering damages from LGE prior to the date that LGE had actual notice that they were allegedly infringing the claims of the Patents-in-Suit.

**SIXTH DEFENSE**
**(Failure to Mitigate Damages)**

86. Brightplus' claims of infringement are barred, in whole or in part, by Brightplus' failure to mitigate damages, at least because Brightplus unreasonably delayed in filing its claims in this action against LGE, and unreasonably delayed in prosecuting the Patents-in-Suit against LGE after Brightplus and/or any predecessor-in-interest knew or should have known of the allegedly infringing actions.

**SEVENTH DEFENSE**
**(No Willful Infringement of the Patents-in-Suit)**

87. LGE has not willfully infringed the Patents-in-Suit.

**EIGHTH DEFENSE**
**(No Attorney Fees)**

88. Brightplus is not entitled to any attorney fees under 35 U.S.C. § 285.

**NINTH DEFENSE**
**(No Entitlement to Injunctive Relief)**

89. Plaintiff is not entitled to injunctive relief against LGE because any alleged injury to Plaintiff as a result of LGE's alleged activities is not immediate or irreparable, and Plaintiff has an adequate remedy at law. Furthermore, the balance of hardships favors LGE, and an injunction against LGE would harm the public interest.

## RESERVATION OF ADDITIONAL DEFENSES

90. LGE expressly reserves the right to assert additional defenses that may be developed through discovery.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to either LGEKR's or LGEUS's right to plead additional counterclaims as additional information becomes available, Counterclaim-Plaintiff LGE alleges as follows against Counterclaim-Defendant Brightplus:

## BACKGROUND

1. According to the allegations set forth in its Complaint, Brightplus claims to be the assignee and owner of U.S. Patent No. 7,690,812; U.S. Patent No. 7,872,705; U.S. Patent No. 8,177,382; U.S. Patent No. 8,294,075; U.S. Patent No. 8,330,710; U.S. Patent No.

8,941,331; U.S. Patent No. 9,605,835; U.S. Reissued Patent No. RE42,598; and U.S. Reissued Patent No. RE45,796 (collectively "the Patents-in-Suit"). *See* Dkt. No. 1 at ¶ 19.

2. Brightplus has accused LGE of infringing the Patents-in-Suit. LGE denies that any of its products infringe any valid or enforceable claim of the Patents-in-Suit.

3. An actual case and controversy exists between LGE and Brightplus concerning the alleged infringement of one or more claims of the Patents-in-Suit, and that controversy is ripe for adjudication by this Court.

**THE PARTIES**

4. Counterclaim-Plaintiff LGEKR is a corporation formed under the laws of the Republic of Korea with a principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul, Republic of Korea.

5. Counterclaim-Plaintiff LGEUS is a Delaware corporation with a place of business at 111 Sylvan Ave., Englewood Cliffs, New Jersey 07632.

6. On information and belief, Counterclaim-Defendant Brightplus Ventures LLC alleges it is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. *See* Dkt. No. 1 at ¶ 1.

**JURISDICTION AND VENUE**

7. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

8. This Court has personal jurisdiction over Brightplus, at least because by initiating this lawsuit, Brightplus has submitted to the jurisdiction of this District.

9. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

**COUNTERCLAIM I**

**(Declaratory Judgment of Non-Infringement of the ’812 Patent)**

10. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

11. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’812 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’812 patent.

12. LGE has not infringed and does not infringe any valid and enforceable claim of the ’812 patent, either literally or under the doctrine of equivalents.

13. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’812 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM II**

**(Declaratory Judgment of Invalidity of the ’812 Patent)**

14. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

15. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’812 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’812 patent.

16. The claims of the ’812 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

17. LGE is therefore entitled to a declaratory judgment that all claims of the ’812 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**<u>COUNTERCLAIM III</u>**

**(Declaratory Judgment of Non-Infringement of the ’705 Patent)**

18. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

19. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’705 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’705 patent.

20. LGE has not infringed and does not infringe any valid and enforceable claim of the ’812 patent, either literally or under the doctrine of equivalents.

21. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’705 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM IV

**(Declaratory Judgment of Invalidity of the ’705 Patent)**

22. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’705 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’705 patent.

24. The claims of the ’705 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

25. LGE is therefore entitled to a declaratory judgment that all claims of the ’705 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

## COUNTERCLAIM V

**(Declaratory Judgment of Non-Infringement of the ’382 Patent)**

26. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

27. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’382 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’382 patent.

28. LGE has not infringed and does not infringe any valid and enforceable claim of the ’382 patent, either literally or under the doctrine of equivalents.

29. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’382 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM VI

**(Declaratory Judgment of Invalidity of the ’382 Patent)**

30. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’382 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’382 patent.

32. The claims of the ’382 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

33. LGE is therefore entitled to a declaratory judgment that all claims of the ’382 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

## COUNTERCLAIM VII

**(Declaratory Judgment of Non-Infringement of the ’075 Patent)**

34. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

35. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '075 patent based Brightplus' allegations in their Complaint that LGE has infringed the '075 patent.

36. LGE has not infringed and does not infringe any valid and enforceable claim of the '075 patent, either literally or under the doctrine of equivalents.

37. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '075 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM VIII**

**(Declaratory Judgment of Invalidity of the '075 Patent)**

38. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

39. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '075 patent based Brightplus' allegations in their Complaint that LGE has infringed the '075 patent.

40. The claims of the '075 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

41. LGE is therefore entitled to a declaratory judgment that all claims of the ’075 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**COUNTERCLAIM IX**

**(Declaratory Judgment of Non-Infringement of the ’710 Patent)**

42. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

43. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’710 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’710 patent.

44. LGE has not infringed and does not infringe any valid and enforceable claim of the ’710 patent, either literally or under the doctrine of equivalents.

45. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’710 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM X**

**(Declaratory Judgment of Invalidity of the ’710 Patent)**

46. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

47. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’710 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’710 patent.

48. The claims of the ’710 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

49. LGE is therefore entitled to a declaratory judgment that all claims of the ’710 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**COUNTERCLAIM XI**

**(Declaratory Judgment of Non-Infringement of the ’331 Patent)**

50. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

51. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’331 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’331 patent.

52. LGE has not infringed and does not infringe any valid and enforceable claim of the ’331 patent, either literally or under the doctrine of equivalents.

53. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’331 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM XII**

**(Declaratory Judgment of Invalidity of the ’331 Patent)**

54. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

55. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’331 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’331 patent.

56. The claims of the ’331 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

57. LGE is therefore entitled to a declaratory judgment that all claims of the ’331 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

## COUNTERCLAIM XII

**(Declaratory Judgment of Non-Infringement of the ’835 Patent)**

58. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’835 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’835 patent.

60. LGE has not infringed and does not infringe any valid and enforceable claim of the ’835 patent, either literally or under the doctrine of equivalents.

61. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’835 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM XIII**

**(Declaratory Judgment of Invalidity of the ’835 Patent)**

62. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

63. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’835 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’835 patent.

64. The claims of the ’835 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

65. LGE is therefore entitled to a declaratory judgment that all claims of the ’835 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**COUNTERCLAIM XV**

**(Declaratory Judgment of Non-Infringement of the ’598 Patent)**

66. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’598 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’598 patent.

68. LGE has not infringed and does not infringe any valid and enforceable claim of the ’598 patent, either literally or under the doctrine of equivalents.

69. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’598 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM XVI

**(Declaratory Judgment of Invalidity of the ’598 Patent)**

70. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

71. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’598 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’598 patent.

72. The claims of the ’598 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 251 and double patenting and/or obviousness-type double patenting.

73. LGE is therefore entitled to a declaratory judgment that all claims of the ’598 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**COUNTERCLAIM XVII**

**(Declaratory Judgment of Non-Infringement of the '796 Patent)**

74. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

75. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '796 patent based Brightplus' allegations in their Complaint that LGE has infringed the '796 patent.

76. LGE has not infringed and does not infringe any valid and enforceable claim of the '796 patent, either literally or under the doctrine of equivalents.

77. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '796 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM XVIII**

**(Declaratory Judgment of Invalidity of the '796 Patent)**

78. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

79. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '796 patent based Brightplus' allegations in their Complaint that LGE has infringed the '796 patent.

80. The claims of the '796 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without

limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 251 and double patenting and/or obviousness-type double patenting.

81. LGE is therefore entitled to a declaratory judgment that all claims of the ’796 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**DEMAND FOR JURY TRIAL**

82. LGE hereby demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

Wherefore, LGE seeks the following relief:

A. Dismissal with prejudice of Brightplus’ Complaint;

B. Judgement that this is an exceptional case pursuant to 35 U.S.C. § 285, awarding LGE its attorneys’ fees incurred in this action;

C. Judgment for an award of all costs incurred by LGE in this action; and

D. Such other and additional relief to LGE as this Court deems just and proper.

Dated: September 15, 2022

RESPECTFULLY SUBMITTED,

By: */s/ Melissa R. Smith*

Melissa R. Smith
Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Richard A. Edlin
Jeffrey R. Colin

Elana Araj
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: edlinr@gtlaw.com
Email: colinj@gtlaw.com
Email: araja@gtlaw.com

Vivian S. Kuo
GREENBERG TRAURIG, LLP
2101 L Street NW, Suite 1000
Washington, DC 20037
Telephone: (202) 331-3158
Email: kuov@gtlaw.com

*Attorneys for LG Electronics Inc. and LG Electronics USA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of September 2022.

*/s/ Melissa R. Smith*
Melissa R. Smith