**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BRIGHTPLUS VENTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC. AND<br>LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | Civil Action No.: 2:22-cv-170-JRG-RSP<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Brightplus Ventures LLC ("Brightplus" or "Plaintiff") answers the counterclaims of Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "LG," "LGE," or "Defendants") set forth in the Defendants' Answer and Counterclaims ("Counterclaims") (Dkt. No. 11) as follows:

**BACKGROUND**

1. According to the allegations set forth in its Complaint, Brightplus claims to be the assignee and owner of U.S. Patent No. 7,690,812; U.S. Patent No. 7,872,705; U.S. Patent No. 8,177,382; U.S. Patent No. 8,294,075; U.S. Patent No. 8,330,710; U.S. Patent No. 8,941,331; U.S. Patent No. 9,605,835; U.S. Reissued Patent No. RE42,598; and U.S. Reissued Patent No. RE45,796 (collectively "the Patents-in-Suit"). See Dkt. No. 1 at ¶ 19.

**ANSWER:** Brightplus admits the allegations in paragraph 1 of LG's Counterclaims.

2. Brightplus has accused LGE of infringing the Patents-in-Suit. LGE denies that any of its products infringe any valid or enforceable claim of the Patents-in-Suit.

**ANSWER:** Brightplus admits that it has accused LG of infringing the Patents-in-Suit and that LG has denied infringement. Brightplus denies any remaining allegations of paragraph 2 of LG's Counterclaims.

3. An actual case and controversy exists between LGE and Brightplus concerning the alleged infringement of one or more claims of the Patents-in-Suit, and that controversy is ripe for adjudication by this Court.

**ANSWER:** Brightplus admits the allegations in paragraph 3 of LG's Counterclaims.

## THE PARTIES

4. Counterclaim-Plaintiff LGEKR is a corporation formed under the laws of the Republic of Korea with a principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul, Republic of Korea.

**ANSWER:** On information and belief, Brightplus admits the allegations in paragraph 4 of LG's Counterclaims.

5. Counterclaim-Plaintiff LGEUS is a Delaware corporation with a place of business at 111 Sylvan Ave., Englewood Cliffs, New Jersey 07632.

**ANSWER:** On information and belief, Brightplus admits the allegations in paragraph 5 of LG's Counterclaims.

6. On information and belief, Counterclaim-Defendant Brightplus Ventures LLC alleges it is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. *See* Dkt. No. 1 at ¶ 1.

**ANSWER:** Brightplus admits the allegations in paragraph 6 of LG's Counterclaims.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

**ANSWER:** On information and belief, Brightplus admits the allegations in paragraph 7 of LG's Counterclaims.

8. This Court has personal jurisdiction over Brightplus, at least because by initiating this lawsuit, Brightplus has submitted to the jurisdiction of this District.

**ANSWER:** On information and belief, Brightplus admits that this Court has personal jurisdiction over Brightplus. Brightplus denies the remaining allegations in paragraph 8 of LG's Counterclaims.

9. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** On information and belief, Brightplus admits the allegations in paragraph 9 of LG's Counterclaims.

## COUNTERCLAIM I
**(Declaratory Judgment of Non-Infringement Of The '812 Patent)**

10. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

11. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '812 patent based Brightplus' allegations in their Complaint that LGE has infringed the '812 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 11 of LG's Counterclaims.

12. LGE has not infringed and does not infringe any valid and enforceable claim of the '812 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 12 of LG's Counterclaims.

13. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '812 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 13 of LG's Counterclaims.

## COUNTERCLAIM II
## (Declaratory Judgment of Invalidity of the '812 Patent)

14. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

15. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '812 patent based Brightplus' allegations in their Complaint that LGE has infringed the '812 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 15 of LG's Counterclaims.

16. The claims of the '812 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 16 of LG's Counterclaims.

17. LGE is therefore entitled to a declaratory judgment that all claims of the '812 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 17 of LG's Counterclaims.

## COUNTERCLAIM III
## (Declaratory Judgment of Non-Infringement of the '705 Patent)

18. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

19. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '705 patent based Brightplus' allegations in their Complaint that LGE has infringed the '705 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 19 of LG's Counterclaims.

20. LGE has not infringed and does not infringe any valid and enforceable claim of the '705 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 20 of LG's Counterclaims.

21. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '705 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 21 of LG's Counterclaims.

**COUNTERCLAIM IV**
**(Declaratory Judgment of Invalidity of the '705 Patent)**

22. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

23. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '705 patent based Brightplus' allegations in their Complaint that LGE has infringed the '705 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 23 of LG's Counterclaims.

24. The claims of the '705 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 24 of LG's Counterclaims.

25. LGE is therefore entitled to a declaratory judgment that all claims of the '705 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 25 of LG's Counterclaims.

**COUNTERCLAIM V**
**(Declaratory Judgment of Non-Infringement of the '382 Patent)**

26. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

27. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '382 patent based Brightplus' allegations in their Complaint that LGE has infringed the '382 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 27 of LG's Counterclaims.

28. LGE has not infringed and does not infringe any valid and enforceable claim of the '382 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 28 of LG's Counterclaims.

29. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '382 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 29 of LG's Counterclaims.

**COUNTERCLAIM VI**
**(Declaratory Judgment of Invalidity of the '382 Patent)**

30. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

31. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '382 patent based Brightplus' allegations in their Complaint that LGE has infringed the '382 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 31 of LG's Counterclaims.

32. The claims of the '382 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 32 of LG's Counterclaims.

33. LGE is therefore entitled to a declaratory judgment that all claims of the '382 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 33 of LG's Counterclaims.

## COUNTERCLAIM VII
## (Declaratory Judgment of Non-Infringement of the '075 Patent)

34. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

35. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '075 patent based Brightplus' allegations in their

Complaint that LGE has infringed the ’075 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 35 of LG’s Counterclaims.

36. LGE has not infringed and does not infringe any valid and enforceable claim of the ’075 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 36 of LG’s Counterclaims.

37. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’075 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 37 of LG’s Counterclaims.

## COUNTERCLAIM VIII
## (Declaratory Judgment of Invalidity of the ’075 Patent)

38. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG’s Counterclaims as if fully set forth herein.

39. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’075 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’075 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 39 of LG’s Counterclaims.

40. The claims of the ’075 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type

double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 40 of LG's Counterclaims.

41. LGE is therefore entitled to a declaratory judgment that all claims of the '075 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 41 of LG's Counterclaims.

## COUNTERCLAIM IX
## (Declaratory Judgment of Non-Infringement of the '710 Patent)

42. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

43. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '710 patent based Brightplus' allegations in their Complaint that LGE has infringed the '710 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 43 of LG's Counterclaims.

44. LGE has not infringed and does not infringe any valid and enforceable claim of the '710 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 44 of LG's Counterclaims.

45. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '710 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 45 of LG's Counterclaims.

**COUNTERCLAIM X**
**(Declaratory Judgment of Invalidity of the '710 Patent)**

46. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

47. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '710 patent based Brightplus' allegations in their Complaint that LGE has infringed the '710 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 47 of LG's Counterclaims.

48. The claims of the '710 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 48 of LG's Counterclaims.

49. LGE is therefore entitled to a declaratory judgment that all claims of the '710 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 49 of LG's Counterclaims.

**COUNTERCLAIM XI**
**(Declaratory Judgment of Non-Infringement of the '331 Patent)**

50. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set

forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

51. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '331 patent based Brightplus' allegations in their Complaint that LGE has infringed the '331 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 51 of LG's Counterclaims.

52. LGE has not infringed and does not infringe any valid and enforceable claim of the '331 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 52 of LG's Counterclaims.

53. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '331 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 53 of LG's Counterclaims.

## COUNTERCLAIM XII
## (Declaratory Judgment of Invalidity of the '331 Patent)

54. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

55. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '331 patent based Brightplus' allegations in their

Complaint that LGE has infringed the ’331 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 55 of LG’s Counterclaims.

56. The claims of the ’331 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 56 of LG’s Counterclaims.

57. LGE is therefore entitled to a declaratory judgment that all claims of the ’331 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 57 of LG’s Counterclaims.

## COUNTERCLAIM XIII [LABELED AS “XII” IN LG’S COUNTERCLAIMS] (Declaratory Judgment of Non-Infringement of the ’835 Patent)

58. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG’s Counterclaims as if fully set forth herein.

59. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’835 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’835 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 59 of LG’s Counterclaims.

60. LGE has not infringed and does not infringe any valid and enforceable claim of the ’835 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 60 of LG's Counterclaims.

61. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '835 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 61 of LG's Counterclaims.

**COUNTERCLAIM XIV [LABELED AS "XIII" IN LG'S COUNTERCLAIMS]**
**(Declaratory Judgment of Invalidity of the '835 Patent)**

62. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

63. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '835 patent based Brightplus' allegations in their Complaint that LGE has infringed the '835 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 63 of LG's Counterclaims.

64. The claims of the '835 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 64 of LG's Counterclaims.

65. LGE is therefore entitled to a declaratory judgment that all claims of the '835 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 65 of LG's Counterclaims.

**COUNTERCLAIM XV**
**(Declaratory Judgment of Non-Infringement of the '598 Patent)**

66. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

67. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '598 patent based Brightplus' allegations in their Complaint that LGE has infringed the '598 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 67 of LG's Counterclaims.

68. LGE has not infringed and does not infringe any valid and enforceable claim of the '598 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 68 of LG's Counterclaims.

69. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '598 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 69 of LG's Counterclaims.

**COUNTERCLAIM XVI**
**(Declaratory Judgment of Invalidity of the '598 Patent)**

70. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

71. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '598 patent based Brightplus' allegations in their Complaint that LGE has infringed the '598 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 71 of LG's Counterclaims.

72. The claims of the '598 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 251 and double patenting and/or obviousness-type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 72 of LG's Counterclaims

73. LGE is therefore entitled to a declaratory judgment that all claims of the '598 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 73 of LG's Counterclaims.

**COUNTERCLAIM XVII**
**(Declaratory Judgment of Non-Infringement of the '796 Patent)**

74. LGE incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG's Counterclaims as if fully set forth herein.

75. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the '796 patent based Brightplus' allegations in their

Complaint that LGE has infringed the ’796 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 75 of LG’s Counterclaims.

76. LGE has not infringed and does not infringe any valid and enforceable claim of the ’796 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 76 of LG’s Counterclaims.

77. LGE is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the ’796 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Brightplus denies the allegations in paragraph 77 of LG’s Counterclaims.

## COUNTERCLAIM XVIII
## (Declaratory Judgment of Invalidity of the ’796 Patent)

78. LGE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** Brightplus incorporates its responses to the preceding paragraphs of LG’s Counterclaims as if fully set forth herein.

79. There is an actual, substantial, continuing, and justiciable controversy between LGE and Brightplus regarding the invalidity of the ’796 patent based Brightplus’ allegations in their Complaint that LGE has infringed the ’796 patent.

**ANSWER:** Brightplus denies the allegations in paragraph 79 of LG’s Counterclaims.

80. The claims of the ’796 patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 251 and double patenting and/or obviousness-

type double patenting.

**ANSWER:** Brightplus denies the allegations in paragraph 80 of LG's Counterclaims.

81. LGE is therefore entitled to a declaratory judgment that all claims of the '796 patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Brightplus denies the allegations in paragraph 81 of LG's Counterclaims

## DEMAND FOR JURY TRIAL

82. Pursuant to Rule 38 of the Fed. R. Civ. Proc., Brightplus hereby demands trial by jury in this action of all claims so triable.

## RESPONSE TO DEFENDANTS' PRAYER FOR RELIEF

Brightplus denies that LG is entitled to any of the requested relief and denies any and all allegations contained within LG's Prayer for Relief of the Counterclaims. Brightplus requests a judgment in its favor denying LG all relief requested in its Counterclaims and dismissing the counterclaims with prejudice.

Brightplus denies all remaining allegations not specifically admitted herein.

Dated: September 29, 2022

/s/ Dmitry Kheyfits

Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore
bmoore@kblit.com
KHEYFITS BELENKY LLP
180 Wild Basin Road South, Suite 250
Austin, TX 78748
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen

hgcohen@kblit.com
KHEYFITS BELENKY LLP
80 Broad Street, 5th Floor
New York, NY 10005
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*Brightplus Ventures LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on September 29, 2022.

*/s/* Dmitry Kheyfits
Dmitry Kheyfits